Date signed April 30, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| | * | Case No.    07-20285PM |
| CHARLES CORBIN | * | Chapter    13 |
| | * | |
| | * | |
| Debtor(s) | * | |

### MEMORANDUM TO COUNSEL FOR THE DEBTOR
#### (Application for Compensation)

Before the court is the Application for Compensation filed by counsel for the Debtor.  Counsel seeks payment forthwith of $3,990.00, that is, compensation for all services to be rendered over the possible five-year life of this case, except for certain specified items such as adversary proceedings.

The court finds that the services to be rendered under the Disclosure of Compensation are half-way between the service levels of the presumptively reasonable fees set forth in paragraphs 4.A. and 4.B. of Appendix F to the Local Bankruptcy Rules.  Thus, the court would, but for certain statements in the Application, allow compensation as set forth in paragraph 4.D. of Appendix F, that is, with $2,000.00 allowed as of confirmation and the balance of the fee payable at the rate of $125.00 a month thereafter.  However, counsel expressly takes himself out of the area of protection accorded fee arrangements that are presumptively deemed allowable by Appendix F.  In this situation, as noted by Chief Judge Keir in the case of *In re Bellamy*, 379 B.R. 86 (BC Md. 2007), to be allowed compensation, counsel must from time to time file applications for interim compensation under 11 U.S.C. § 331.

In support of the Application, counsel filed a boilerplate memorandum before he actually

performed most of the matters described. The Application duplicates memoranda that he has filed in several other cases. Rather than force counsel to file another application, because of the court's familiarity with the matters involved in cases such as this, the court accepts his discussion of nearly all the *Lodestar* criteria required for the application by such cases as *Harman v. Levin*, 772 F.2d 1150 (CA4 1985). But, counsel must file a supplement to the interim Application to deal with the factors of time and labor expended and results obtained. Counsel is admonished that the supplement must conform to the requirements of the Compensation Guidelines of this court contained in Appendix D to the Local Rules. Particular attention should be paid to the requirements of daily time entries and organization by tasks.

The court will defer its ruling on this Application pending receipt of the additional data. Finally, from its experience in the administration of thousands of these cases, the court observes that there is little benefit to the Debtor of the "reduced" fees for certain work likely to be required by the Debtor after confirmation.

cc:
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Charles Corbin, 1016 Rimrock Road, Lusby, MD 20657
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**